**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINA CHAVANA, | CASE NO. CV 11-01200 RZ |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The main issue in this case, whether proper notice of the scope of the administrative hearing was given, arises from a sloppy record. Nevertheless, the issue is fairly simple and the case authority directly applicable. Clearly, at some point, Plaintiff was awarded disability benefits for a closed period, from February 2, 2006 through either September 30, 2007 or October 31, 2007. [AR 36, 40] Clearly, also, the Administrative Law Judge subsequently rendered a decision that effectively voided that award, as well as ruling that Plaintiff was not entitled to receive benefits for other periods as well. [AR 23] The sloppiness of not having dates on notices, such as the "Notice of Disapproved Claims" [AR 36], or not having the full reconsideration document in the administrative record [AR 26-27] (despite the Commissioner's certification on the title page that the Commissioner has produced "a full and accurate transcript of the entire record of proceedings relating to this case") does not obscure the central question: Did the Administrative Law Judge give

proper notice that, as a result of the hearing he was conducting, the partially favorable decision in Plaintiff's favor might be eliminated?

The decision in *McCarthy v. Apfel*, 221 F.3d 1119, 1127 (9th Cir. 2000) controls the issue. There, the Court quoted the regulation at issue, 20 C.F.R .§ 404.946(a), which talks about the issues that are before an administrative law judge at a hearing, and ruled explicitly that "[n]othing in this section requires the ALJ to notify an individual prior to the hearing, or in writing, that an issue previously decided in his favor will be considered as an issue at the hearing." In the absence of this ruling, one might have constructed a pretty good contrary argument, including the fact that (1) the regulations require the Administrative Law Judge, in the notice of the hearing, to identify *specific* issues to be decided, 20 C.F.R. § 404.938; (2) the regulations further require the claimant to object to those issues in writing *before* the hearing, 20 C.F.R. § 404.939; and (3) the claimant cannot do so if the Administrative Law Judge has not identified the specific issues in the notice of the hearing, and not just later at the hearing itself. But those arguments, and others that might have been made in support of Plaintiff's position, are foreclosed by the *McCarthy* decision.

In this case, as well, Plaintiff has a difficult position, because she explicitly waived the reading of issues at the administrative hearing. [AR 809]. Doing so was not inadvertent; Plaintiff was represented by counsel, and counsel was the one who announced the waiver. In light of *McCarthy*, it is doubly hard to see this case from Plaintiff's perspective now, when Plaintiff's perspective then was that the issues did not need to be enunciated on the administrative record.

Plaintiff's other argument in this Court is that the finding that there was a significant number of other jobs that Plaintiff could perform is not backed by substantial evidence. Plaintiff's argument is that the vocational expert here testified that there were more jobs for a surveillance systems monitor than have been found to exist by other vocational experts testifying in other cases. The Court does not find it surprising that different experts in different cases might have different opinions, but there is no basis for

saying that the opinion here was not a valid one. Furthermore, Plaintiff did not challenge it on this basis either by examination at the hearing [AR 828-29] or in her appeal to the agency's appeal council [AR 801-04], and the fact that other administrative law judges may have made other findings based on other expert testimony does not invalidate the finding made here. A vocational expert's testimony, of course, can stand as substantial evidence supporting the Administrative Law Judge's decision if the hypothetical questions he answers fairly describe the claimant's limitations. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). In this Court, Plaintiff does not challenge the expert testimony on this grounds, and there is no other basis for saying that the expert testimony should not have been believed.

        In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 18, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE